## Walter Greenfield, Plaintiff in Error, v. Napoleon Maclin, Executor, Defendant in Error.

1. HUSBAND AND WIFE, § 18*—*what evidence admissible in recovering for necessaries furnished.* In an action against a husband's estate to recover for support and necessaries furnished his wife living apart, a contract in which the husband made certain provisions for his wife while they were living separate and apart is admissible in evidence and evidence is admissible to show whether the provisions had been carried out and what other support had been given her. The claimant's proof of a failure to provide the necessaries for support of the wife is not limited to showing a failure to provide necessaries up to the agreed amount only, but he may show the husband's failure to provide whatever amount was necessary, even though it exceeds the contract sum.

2. HUSBAND AND WIFE, § 18*—*when no liability for wife's necessaries.* A husband and wife separated and the wife made her home with her daughter and son-in-law and there lived as a member of the family without any express agreement to pay for support and necessaries furnished by the son-in-law, who sued the husband's estate therefor on his death. The husband by contract provided for the support of his wife and she accepted the same as satisfactory and no one ever made claim against the husband for an additional sum for the support of his wife. *Held*, a verdict for the estate was proper.

3. APPEAL AND ERROR, § 1531*—*when instruction as to contract releasing husband from support is harmless.* In an action against a husband's estate for necessaries furnished his wife, an instruction

stating that a contract between husband and wife providing for the wife's support and releasing the husband from further obligation is binding unless steps were taken to set it aside is harmless, where the questions before the jury were as to the sufficiency of the amount provided in the contract and whether there was any understanding that plaintiff should be paid for furnishing support which was necessary over and above such contract provision.

4. HUSBAND AND WIFE, § 14*—*when instruction as to necessity of contract to pay for wife's necessaries is proper.* In an action against a husband's estate to recover for necessaries furnished his wife, an instruction that plaintiff must prove an agreement or understanding that the wife would pay for the necessaries does not imply that the agreement or understanding would have to be an express one, especially when the whole series of instructions is considered together.

Error to the Circuit Court of Perry county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

C. E. POPE, for plaintiff in error.

B. W. POPE, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff in error filed a claim in the Probate Court of Perry county against the estate of Wiley House, deceased, for board, washing, nursing and medicine, claimed to have been furnished to Malinda House, wife of said Wiley House, the account covering a period of five years.

Wiley House and his wife, Malinda, separated in October, 1898, and lived apart thereafter. Wiley House died April 24, 1911, and Malinda died on May 10, 1911.

Some time in the year 1899, Malinda commenced proceedings for separate maintenance against her husband, alleging cruelty as grounds for separation. This suit was compromised before trial, and by the terms of the settlement Wiley House was to allow his wife certain household goods and other personal property, a small house in Du Quoin, Illinois, and was to pay her

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

one hundred dollars per year, and the agreement further provided that Wiley House was to be released from further obligations to support his wife.

This agreement was recognized by both parties from 1899 to the time of Wiley's death in 1911.

During all this time covering a period of about thirteen years, Malinda House had practically made her home with her daughter and son-in-law, Mr. and Mrs. Walter Greenfield, said Walter Greenfield being the claimant herein.

On the objections filed to this claim by the executor of the estate of Wiley House, a trial was had in the County Court which resulted in the rejection of the claim.

Claimant prosecuted an appeal to the Circuit Court of said county and a trial by jury resulted in favor of the estate and claimant brings the case to this court by writ of error for review. The errors assigned and relied on to work reversal are two. First, the contract made between Wiley House and Malinda House, in which the husband made certain provisions for his wife while they were living separate and apart, was admitted in evidence and it is insisted that this was error.

The defendant had the right to show by any competent evidence that Wiley House had made provision for the support of his wife during the separation and whether the provision had been carried out and what other support, if any, had been given her. And claimant had the right to prove by any competent evidence the failure to provide the necessaries for support of the wife even beyond the agreed sum if that was not sufficient under the circumstances.

It does not appear from the evidence that the wife ever claimed that her husband had not made ample provision for her under that settlement. She accepted the provisions as satisfactory for the whole of the thirteen years they lived apart. No steps were taken to have this amount increased.

The claimant must have known of this agreement and the amount that Malinda House was receiving each year. There was also an absence of any agreement or understanding that claimant was to have any remuneration for taking care of his mother-in-law. Claimant's wife was a daughter of Mrs. House and Mrs. House lived with claimant and his family as one of the members for thirteen years. No claim was ever made by any one against Wiley House for an additional sum for the support of his wife.

Under the evidence in this case we cannot say the jury should have found differently. There was no express agreement by which claimant was to be paid for board and care furnished Mrs. House and no facts and circumstances by which it could be said there was an implied contract to furnish them.

The second error claimed, arises on the instructions given for defendant.

The first instruction told the jury that the contract introduced in evidence was such a one as the law permits a husband and wife to make and would be binding unless steps were taken by the wife to set it aside. While no contract can be legal as between husband and wife which would in effect relieve the husband from support of the wife, and so far as the instruction might be considered as relieving the husband from such duty it would be erroneous, still the jury could not have been misled on that point, for the questions that were before them were as to the sufficiency of the amount provided in the contract, and whether there was an understanding or agreement either expressed or implied that the claimant should be paid for furnishing support to Malinda House which was necessary over and above such provision as made in the contract. The criticism of the second instruction directed toward the following language used in the instructions: "He (claimant) must prove by a preponderance of the evidence that at the time Malinda House went to the home of Walter Greenfield or at some time

since then there was an agreement or understanding between them that Malinda House would pay for such services, care and attention as should be given her by said Greenfield, etc.'' The complaint about this instruction is that the jury would understand that the agreement or understanding would have to be an express one whereas the law is that it may be implied.

It would be difficult to see how the jury would find it necessary under that instruction to require proof of an express contract to pay for such services, especially when the whole series of instructions are considered together.

On the whole case we are satisfied the verdict of the jury was right, and finding no errors requiring a reversal hereof the judgment of the trial court will be and is affirmed.

*Affirmed.*